UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
IGOR KORSUNSKY,

                      Plaintiff,

    -against-

NORTH STAR FOUNDATION, INC., and
ALEXEI SHAPOVALOV

                      Defendants.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

10-CV-3241 (ENV) (CLP)

VITALIANO, D.J.

    Plaintiff Igor Korsunsky brought this action against Defendants North Star Foundation, Inc. ("North Star") and Alexei Shapovalov[1] alleging that defendants failed to repay money they borrowed from plaintiff in 2004, through a series of loans. In an order issued April 9, 2013, the Court (1) adopted a report and recommendation of Magistrate Judge Cheryl L. Pollak to enter a default judgment against North Star; and (2) referred the matter again to Judge Pollak for an inquest on damages. Judge Pollak's Report and Recommendation on damages (the "Inquest R&R") issued on August 21, 2013, with objections due by September 9, 2013. No objections have been filed.

    In reviewing a report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a

---

[1] Plaintiff has withdrawn all claims against defendant Shapovalov. (See Docket #9).

district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). Where, as here, no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation. *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

With no objections having been filed, after careful review of the record, the Court finds the Inquest R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the Inquest R&R in its entirety as the opinion of the Court. Judgment shall enter in favor of plaintiff and against North Star for $145,441.60, representing $80,000.00 in compensatory damages, $64,541.10 in prejudgment interest until the date of the R&R plus $19.73 per diem thereafter, and $900.50 in costs.

The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated:   Brooklyn, New York
         October 9, 2013

                                         s/ ENV
                                         _____
                                         ERIC N. VITALIANO
                                         United States District Judge